# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | | |
|---|---|---|
| Countybank, | ) | |
| | ) | Civil Action No. 6:18-cv-1523-TMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| EM1 Labs, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

On June 5, 2018, Plaintiff Countybank ("Plaintiff") filed this action against Defendant EM1 Labs, LLC ("Defendant"), alleging that Defendant breached the terms of a loan agreement and seeking to recover the unpaid amounts still due on the loan as well as other forms of relief. (ECF No. 1). On February 28, 2019, having been advised by the parties that a settlement had been reached, the court entered a consent order staying this action pending consummation of the settlement agreement. (ECF No. 37). The parties failed to consummate the settlement, and the court granted Plaintiff's motion to lift the stay and restore the action to the court's docket. (ECF No. 55). On July 15, 2019, Plaintiff filed a Confession of Judgment executed by Defendant for $484,759.90. (ECF No. 57). On July 19, 2019, Plaintiff filed a motion to appoint Melody Turner as receiver for Defendant, LLC. (ECF No. 58). On August 16, 2019, Defendant filed a memorandum in opposition. (ECF No. 61). On August 23, 2019, Plaintiff filed a reply to Defendant's memorandum in opposition. (ECF No. 63).

The court referred the matter to a United States Magistrate Judge, (ECF No. 70), who conducted a hearing and then issued a Report and Recommendation ("Report") recommending the court grant Plaintiff's motion to appoint a receiver. (ECF No. 76). The parties, both of which are

represented by counsel, were advised of the right to file objections to the Report. *Id.* at 9. No objections have been filed, however, and the time to do so has now run.

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *See Matthews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017). "An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id.* at 662 n.6 (quoting *United States v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, & Contents, Known As: 2121 E. 30th St., Tulsa, Okla.*, 73 F.3d 1057, 1059 (10th Cir. 1996)).

The Report sets forth in detail the salient facts and applicable legal standards. The magistrate judge thoroughly considered the facts before him in light of the numerous relevant factors for determining whether to appoint a receiver pursuant to Rule 66 of the Federal Rules of Civil Procedure. (ECF No. 76 at 2-8). Having carefully and thoroughly reviewed the record and the briefs submitted by the parties, the court finds no reason to deviate from the Report's recommended disposition. The court **ADOPTS** the magistrate judge's Report, (ECF No. 76), and **INCORPORATES** it herein.

Accordingly, the court **GRANTS** Plaintiff's motion to appoint **Melody Turner** to serve as receiver in this action, (ECF No. 58), and further orders as follows:

(a) that Melody Turner (the "Receiver") shall be compensated at an hourly rate of $525 for time reasonably expended on services as the Receiver. To the extent the Receiver needs to employ a team to manage the accounts receivable, the members of that team shall be compensated at the rates set forth in the Receiver's Affidavit filed in this action;

(b) that the Receiver shall be paid for fees and expenses from Defendant's accounts receivable following notice and approval of such fees by the court. The Receiver shall prepare and file with the court requests for payment, with invoices, for her fees and expenses every thirty (30) days after the entry of this Order;

(c) that the Receiver shall have the following powers and authority, without further approval of the Court, including, but not limited to, the power

(1) to inspect and review the books, records, accounts, or other information maintained by or on behalf of the Defendant as is necessary to perform the duties assigned herein;

(2) to take immediate possession and control over the existing accounts receivable, and all future accounts receivable, to preserve and protect the same;

(3) to direct, oversee, and carryout the collection of the accounts receivable, to direct payment of all costs and expenses associated with the collection of the accounts receivable;

(4) to take immediate possession and control over Defendant's bank accounts and other financial assets;

(5) to demand, collect, and receive all proceeds from Defendant's accounts receivable, including any delinquent or otherwise outstanding accounts receivable;

(6) to direct payment of costs and expenses necessary to the operation of Defendant, and to negotiate contracts, debts, and other matters in the normal course of business;

(7) to collect obligations owed to Defendant arising from accounts receivable, including revenue received in the normal course of business; and

(8) to take such other steps and actions as are reasonably necessary and proper to administer, manage, operate, protect, and preserve the Defendant's accounts receivable.

(d) that the Receiver shall maintain an accurate ledger or similar books of account for all receipts and disbursements made by her pursuant to this Order, and shall otherwise safely keep the books and records of Defendant;

(e) that the Receiver shall proceed to manage and collect the accounts receivable of Defendant, and is hereby empowered to collect all of the accounts receivable of Defendant and manage them, applying the proceeds of the accounts receivable, FIRST to the payment of the confessed judgment as detailed in the Affidavit of Amy T. Lyles filed July 19, 2019 (ECF No. 58-1), and SECOND, to the payment of any and all accrued interest, attorney's fees, or costs incurred by Plaintiff since the date of the Affidavit of Amy Lyles filed July 19, 2019 (ECF No. 58-1), and THIRD to the payment of her fees as Receiver;

(f) that the Receiver shall monthly file a written report to this court detailing her activities and accounting for the management of the accounts receivable, payment of the debt as set forth above, and requests for compensation;

(g) that, upon the satisfaction of the judgment debt confessed herein, accrued interest, attorney's fees, costs, and Receiver fees, the Receiver may apply for termination of her appointment and approval of her accounting of receipts and payments;

(h) that Defendant is hereby ordered to cooperate with the Receiver, and provide her full and complete access to all bank accounts, client files, accounting and billing software and systems, lockboxes, agreements, bills, electronically stored information, and provide access to all other information, documents, materials or tangible items the Receiver determines to be necessary in the discharge of her duties as detailed herein; and

(i) that as agreed in the Commercial Security Agreement executed by the parties, Melody Turner shall serve as Receiver without bond.

**IT IS SO ORDERED.**

                                                      s/Timothy M. Cain
                                                    United States District Judge

January 31, 2020
Anderson, South Carolina